**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Power P.E.O. of Florida, Inc., a Florida Corporation; The Power P.E.O. of Florida I, Inc., a Florida Corporation,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SUNZ Insurance Company, A Florida Domiciled Stock Property and Casualty Insurance Company; ABC Companies 1-20,<br><br>　　　　　Defendants. | No. CV 06-1697-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss or Transfer (Doc. # 6). For the reasons set forth below, the Court declines to rule on the pending motion and remands this action to Maricopa County Superior Court for the State of Arizona for lack of subject matter jurisdiction.

Plaintiffs, The Power P.E.O. of Florida, Inc., and The Power P.E.O. of Florida I, Inc., filed this action on May 14, 2006, in Maricopa County Superior Court alleging breach of contract and bad faith claims against SUNZ Insurance Company ("Defendant"). On July 3, 2006, Defendant removed this action, contending that this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. In the Notice of Removal, Defendant represented that it is a Florida corporation with its principal place of business in Florida. Defendant also represented that Plaintiffs are Florida corporations with their

1 principal places of business in Arizona. Plaintiffs do not dispute Defendant's
2 representations.[1]

3     Federal district courts have a duty to determine the existence of subject matter
4 jurisdiction over removed actions *sua sponte*. *United Investors Life Ins. Co. v. Waddell &*
5 *Reed Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004). The court's duty to determine whether it
6 has subject matter jurisdiction exists even if the parties fail to raise the issue. *Id*. Lack of
7 federal jurisdiction cannot be waived or be overcome by agreement of the parties. *Id*.

8     The Defendant's Notice of Removal states that this Court has jurisdiction over this
9 action pursuant to 28 U.S.C. § 1332. Federal jurisdiction over a civil action pursuant to 28
10 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the
11 defendants and the amount-in-controversy requirement has been met. *Owen Equip. and*
12 *Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Inecon Agricorporation v. Tribal*
13 *Farms*, 656 F.2d 498 (9th Cir. 1981). In order to achieve "complete diversity," no party
14 plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment*, 437
15 U.S. at 373; *Inecon Agricorporation*, 656 F.2d at 498. The jurisdictional amount-in-
16 controversy requirement for civil actions is $75,000.00. 28 U.S.C. § 1332(a).

17     Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any
18 State by which it has been incorporated and of the State where it has its principal place of
19 business." Under this provision, Defendant is a citizen of Florida and Plaintiffs are citizens
20 of Florida and Arizona for purposes of diversity jurisdiction. Accordingly, diversity
21 jurisdiction does not exist because Plaintiffs are citizens of the same state, i.e., Florida, as
22 Defendant. *See Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F.Supp.2d 394, 398 (S.D.N.Y.

---

[1] In fact, in their Response to Motion to Dismiss or Transfer (Doc. # 13), Plaintiffs cite with approval Defendant's Notice of Removal when stating "[a]lthough Plaintiffs are Florida corporations, as is [Defendant], because Plaintiffs' principal place of business is Scottsdale, Arizona, [Defendant] recognizes that Plaintiffs are, under 28 U.S.C. § 1332(c), treated as citizens of Arizona and this 'action is between citizens of different states.'"

1  2000) (stating "if either the corporation's place of incorporation or principal place of business
2  destroys diversity, then the courts will not have diversity jurisdiction").

3      Remand of removed matters for lack of subject matter jurisdiction is controlled by 28
4  U.S.C. § 1447.  Pursuant to the statute, if a district court determines at any time before final
5  judgment that it is without subject matter jurisdiction it "shall" remand the action to the state
6  court.  28 U.S.C. § 1447(c); *Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th
7  Cir. 1997).  Because complete diversity of citizenship is not present, this Court lacks subject
8  matter jurisdiction and must remand this action to the state court.

9      Accordingly,

10  **IT IS ORDERED** remanding this action to the Maricopa County Superior Court for
11  the State of Arizona;

12  **IT IS FURTHER ORDERED** denying for lack of subject matter jurisdiction
13  Defendant's Motion to Dismiss or Transfer (Doc. # 6);

14  **IT IS FURTHER ORDERED** vacating oral argument on Defendant's Motion to
15  Dismiss or Transfer, set for December 4, 2006, at 11:00 a.m.

16      DATED this 27th day of November, 2006.

*James A. Teilborg*
United States District Judge